Richardson, J.,
dissenting. The single question is, whether the death of Mr. Leavett, the maker of the note, dispensed with the necessity of the holders making a demand of payment, in order to fix the liability of the indorser. The mournful occurrence of Mr. Leavett’s whole family being swept off, at the same moment, cannot modify the established rules of law. Whenever an unmarried man having no family dies, he, like Mr. Leavett, leaves none to represent him; and if he be also a transient man, he further leaves neither known habitation, nor servant, which would be even a clearer instance of utter destitution left behind, than the melancholy one before us; yet Chitty in his authoritative treatise on Bills, lays down this rule, “ That the bankruptcy, insolvency, or death of the acceptor of a bill, or maker of a note, however notorious, will not excuse the neglect to make due presentation; and in the last case, (death,) it should be made on his personal representative, and in case there be no executor or administrator, then at the house of the deceased; or the drawer, or indorser, will be discharged.” Comment cannot be necessary. The want of a representative in cases of recent death, must of course be frequent, which brings in the worst alternative, and sometimes there is no fixed habitation, but not in this case. The true question is not upon what the rule is, but whether it has been adopted in South-Carolina. I once struggled against the application of this severe rule, on the second hearing of the case of Price v. Young, 1 M'Cord. 340. In that case, both the maker of the note (Bryce,) and the payee (Price), died before the note was due ; but there was no demand or presentment for payment.
There would seem to have been in this case very unusual circum *194 stances to excuse the want of a demand. Yet, Judge Cheves, (perhaps the greatest commercial lawyer ever on our bench,) and the court, adopted the rule expressly; they say, (1 N. & M’Cord. 438) “it was contended that the death of the maker dispensed with proof of demand, unless it had been proved that the maker had a legal representative; but it was correctly replied that such proof was not requisite, but that the law required proof of some efforts to make the demand. If the proper offices had been searched and it did not appear that he had a legal representative, then a demand made at the accustomed dwelling of the maker when alive, would have been sufficient and was necessary, or proof that he was a transient person, or the like, might have been sufficient; but no such proof was given. This ground (of the indorser), say the court, is supported.” In this case the rule laid down by Chitty is explicitly adopted, with a third alternative, or proof, that he was a transient man; but that is not surmised of Mr. Leavett. I can perceive, therefore, no distinction between that case and the one before the court, and consider the rule established. It is to be remarked, that at the second trial of Price v. Young, there was proof that Bryce was a transient man, as well as a supposed insolvent, and a verdict being given the second time against the indorser Young, the court delivered no opinion whether that fact would dispense with the demand, but granted a nonsuit to the indorser, for want of timely notice to him. It appears to my understanding, that there arises sometimes a mistake upon the term “ demand.” It does not always signify a personal request of payment; but it often means a mere presentment or exhibition of the note, at the proper time and place, by some one authorised to demand and receive payment — which is often all that can be done, as where a noté is payable at a named bank or town, the presentment is there made, whether the maker be there or not. But it is this kind of authorized diligence which constitutes the demand that fixes the indorser upon notice thereof. In reference to the indorser, the holder of a note is never to assume that it will not be paid by the maker, his agents, or friends; an insolvent man, or a deceased, may have made a proper provision, or have friends to act for him. If the holder will assume the contrary, he may do so, and may be *195 well commended, as in the present instance; but he must do so at his own risk and not expect to debit his neighbour with the possible loss that may follow his good dispositions. The rights of an indorser, who is only a provisional surety, cannot be thus compromised. The demand of payment, in its proper sense, is matter of substance, and the note must be presented at the proper time and place, with authority to receive payment, and this is the condition precedent to the liability of the indorser under the rule established. The subsequent notice to him, is more a matter of form. See the case of Halls, Kirkpatrick & Co. v. Howell, Harp. Rep. 426, for this distinction well laid down.
Note. — In the case of Galpin v. Hard, 3 M'Cord. Rep. 394, the court say, “ the necessity of a personal demand upon the drawer, to render the indorser liable, is superseded in a variety of instances, which would impose on the holder an unreasonable degree of labor and inconvenience. So it seems that if the holder cannot discover the place to which the drawer has removed, it is sufficient to excuse him from making a demand, or where the drawer has removed into a distant country.”
In an action on a note by the indorsee, against the indorser, drawn in Charleston, it appeared by the testimony of the notary, that on the day the note became due, he made diligent search for the maker in Charleston, and could not find him, but understood he had removed to Philadelphia; and that he gave notice of non-payment, on the same day, to the indorser. The court held that any demand was dispensed with, and that the indorser was bound. Gillespie v. Hanahan, 4 M'Cord. Rep. 603.
In Massachusetts, where the maker of a note died and an administrator was appointed before the note became payable, (the day of payment falling within a year from the time of his appointment,) it was held that the holder might maintain an action against the indorser, without proving a demand upon the administrator at the maturity of the note. Hale v. Burr, 12 Mass. Rep, 86. See also Bayley on Bills, 220. R.
Philips, for the motion.
M’ Grady & Caldwell, contra.